# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (MIAMI)

CIV - UNGARO - BENAGES

Case Number: _____

MAGISTRATE JUDGE
BROWN

|  |  |  |
|---|---|---|
| MARY E. HICKMAN and | ) | |
| JOHN P. HICKMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARNIVAL CORPORATION, the | ) | JURY TRIAL DEMANDED |
| owner and operator of the M/V Destiny, | ) | |
| d/b/a CARNIVAL CRUISE LINES | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Mary E. Hickman and John P. Hickman ("Plaintiffs"), and for

their causes of action against Carnival Corporation d/b/a Carnival Cruise Lines

("Defendant"), allege and state as follows.

## JURISDICTION AND VENUE

1.      Plaintiff Mary Hickman is an individual and a resident of Doe Run,

Missouri.

2.      Plaintiff John Hickman is an individual and a resident of Doe Run,

Missouri.

3.      Defendant is a Panamanian corporation with its principal place of business

in Miami, Florida.

4.      This Court has original jurisdiction over the subject matter of Plaintiff

Mary Hickman's claim, pursuant to 28 U.S.C. § 1332, in that the matter in controversy

exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00) exclusive of

1



interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state. The Court also has supplemental jurisdiction over the subject matter of Plaintiff John Hickman's claim, pursuant to 28 U.S.C. § 1367.

5. Defendant has its principal place of business within this judicial district and therefore resides within this judicial district for purposes of personal jurisdiction and venue. Accordingly, venue in this Court is proper pursuant to section 28 U.S.C. § 1391.

## COUNT I

### (Negligence – Personal Injury)

6. Plaintiff Mary Hickman, a registered nurse, and her husband, Plaintiff John Hickman, embarked upon a Carnival Cruise Lines cruise on board the M/V Destiny, departing on January 26, 2003 from San Juan, Puerto Rico, to return on February 2, 2003.

7. Defendant corporation is a global cruise vacation and leisure travel company, and operates six cruise lines including one such line under the brand name Carnival Cruise Lines. Carnival Cruise Lines operates eighteen cruise ships with destinations primarily to the Caribbean, the Bahamas and the Mexican Riviera. Defendant is now and at all times mentioned herein was the owner and operator of the M/V Destiny.

8. On January 30, 2003, Plaintiffs were eating lunch while passengers on the M/V Destiny. While eating lunch, Plaintiff Mary Hickman was injured when the seat of the stool upon which she was sitting broke, throwing Plaintiff Mary Hickman backwards onto the deck of the M/V Destiny. Plaintiff Mary Hickman used the stool in the manner in which the stool was intended to be used, and had no knowledge or reason to believe that the stool was broken, defective or not intended for use as a chair.

2

9.      As a direct result of being thrown from the broken stool, Plaintiff Mary Hickman received and suffered serious and severe bodily injuries, including the fracture of her left wrist.  Plaintiff Mary Hickman also suffered injuries to her hip and back as a result of the fall from the broken stool.  While a passenger on the M/V Destiny, the Defendant's shipboard medical care providers set Plaintiff Mary Hickman's wrist in a splint and Ace bandage wrap.  Plaintiffs departed the M/V Destiny on February 2, 2003, and returned to St. Louis for further medical treatment.  As a result of the injuries suffered on the M/V Destiny, Plaintiff Mary Hickman underwent surgery to set the fracture of the wrist.  As a further result of the injuries Plaintiff Mary Hickman suffered while a passenger on the M/V Destiny, Plaintiff Mary Hickman suffered entrapment neuropathy of the median nerve and the ulnar nerve in her left arm and wrist.  Plaintiff Mary Hickman also suffered numbness and tingling in her thumb and index finger as a direct result of the injuries caused to her wrist and arm.  Plaintiff Mary Hickman underwent additional surgeries to lessen these symptoms.  As a direct result of the injuries suffered to Plaintiff Mary Hickman as she was thrown from the stool, Plaintiff Mary Hickman has suffered great pain of body and mind, has been put to great expense for medical care and treatment, and has lost substantial wages due to her inability to return to her usual occupation.

10.      The resulting injuries and damages sustained by Plaintiff Mary Hickman were directly and proximately caused by the negligence of Defendant, in that it negligently failed to exercise the care owed to an invitee and to maintain a safe condition, to wit, the stool, for its use as a chair by Plaintiffs and other invitees.

11.      That as a direct and proximate result of the carelessness and negligence of

Defendant, Plaintiff Mary Hickman was damaged in that she incurred:  expenses for medical care and other aid, the loss of wages due to her inability to return to work, expenses incurred for educational expenses for vocational retraining, the loss of wages of her husband toward the marital household while he provided required care for Plaintiff, and the loss of the value of the cruise.

12.     That as a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff Mary Hickman has also been damaged in that she has incurred considerable pain and suffering, disability and disfigurement, mental anguish and emotional distress.

WHEREFORE, Plaintiffs pray that the Court enter judgment for Plaintiff Mary Hickman in such amount as is fair and reasonable in excess of $75,000.00, for costs expended herein, and for such other relief as the Court deems just.

## COUNT II

### (Negligence – Loss of Consortium)

13.     Plaintiff John Hickman incorporates by reference the allegations contained in paragraphs 1 through 12, as if fully set forth herein; and for his cause of action states and alleges as follows.

14.     At all times herein mentioned, Plaintiff John Hickman was the lawfully wedded spouse of Plaintiff Mary Hickman and was at all such times living and cohabiting with Plaintiff Mary Hickman as her spouse.

15.     Plaintiff Mary Hickman suffered serious and severe bodily injuries as a direct result of her being thrown backwards from a broken stool onto the deck of the M/V Destiny as she was eating lunch with Plaintiff John Hickman and other friends.

4

16.     Because of these injuries to Plaintiff Mary Hickman, Plaintiff John Hickman has been caused to suffer the loss of the society, consortium, companionship, affection, and support of Plaintiff Mary Hickman, his spouse.

WHEREFORE, Plaintiffs pray that the Court enter judgment for Plaintiff John Hickman in such an amount as is fair and reasonable, for costs, and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

Dirk Lorenzen
CARUANA AND LORENZEN, P.A.
1000 Courthouse Tower
44 W. Flagler Street
Miami, FL 33130
lorenzend@caruanaandlorenzen.com
Tel. 305-371-7972
Fax 305-358-6907

By: _____
        Dirk Lorenzen


Kurt S. Odenwald
Mary Ann Ohms
GUILFOIL PETZALL &
   SHOEMAKE, L.L.C.
100 S. Fourth Street, Suite 500
St. Louis, MO 63102-1822
kso@gpslegal.com
mao@gpslegal.com
Tel. 314-241-6890
Fax  314-241-2389


*Attorneys for Plaintiff Mary E. Hickman*

5

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-UNGARO-BENAGES

## I. (a) PLAINTIFFS
Mary E. Hickman and
John P. Hickman

**DEFENDANTS**
Carnival Corporation d/b/a
Carnival Cruise Lines

MAGISTRATE JUDGE
BROWN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   St. Francois, Missouri
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Miami-Dade, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 04CV20044 Ungaro-Benzn / Brown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dirk Lorenzen
Caruna and Lorenzen, P.A
1000 Courthouse Tower, 44 W. Flagler Street
Miami, FL 33130

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1332, Plaintiffs bring this diversity action for personal injuries sustained while invitees on board Defendant's ship

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ over $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE_____   DOCKET NUMBER_____

DATE   1/8/04

SIGNATURE OF ATTORNEY OF RECORD   Dirk Lorenzen

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

$150.00   894617
01/08/04